Jeffrey M. Reisner (State Bar No. 143715)
jreisner@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
IRELL & MANELLA LLP
840 Newport Center Dr, Ste 400
Newport Beach, California 92660-6324
Telephone (949) 760-0991
Facsimile (949) 760-5200

Attorneys for Chapter 7 Trustee,
Edward M. Wolkowitz

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>IMPERIAL CREDIT INDUSTRIES, INC., a California corporation,<br><br>            Debtor. | Bankruptcy Case No. 8:03-bk-19407-ES<br><br>Chapter 7 Case<br><br>**NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF EDWARD M. WOLKOWITZ IN SUPPORT THEREOF**<br><br>Hearing<br>Date:  June 7, 2018<br>Time:  10:30 AM<br>Ctrm:  5A |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE AND

ALL PARTIES INTEREST:

**PLEASE TAKE NOTICE** that Edward M. Wolkowitz, chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the captioned debtor (the "Debtor"), hereby brings this motion (the "Motion") pursuant to 11 U.S.C. § 363(b), Federal Rule of Bankruptcy Procedure 6004, and Local Bankruptcy Rule 6004-1(c), for entry of an order approving the sales of (I) the Estate's right, title, and interest in and to that certain proof of claim ("Reliance Claim") against Reliance Insurance Company (In Liquidation); and (II) the Estate's right, title, and interest in and to the remaining property of the Estate, consisting of known and unknown assets, rights to payment, or claims, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets").

**PLEASE TAKE FURTHER NOTICE** that the Trustee has agreed, subject to the Court's approval, to sell the Reliance Claim to Oak Point Partners, Inc., an Illinois corporation ("Oak Point") on the terms set forth in the asset purchase agreement (the "Reliance APA"), attached as <u>Exhibit A</u> to the Motion; and to sell the Remnants Assets to Oak Point on the terms set forth in the asset purchase agreement ("Remnant Assets APA"), attached as <u>Exhibit B</u> to the Motion. Oak Point's address is 5215 Old Orchard Rd., Suite 965 Skokie, Illinois, 60077. The basic terms of the sale are that Oak Point shall pay the Estate $830.00 for the Reliance Claim and $5,300.00 for the Remnant Assets, due within three business days after the Court enters an order approving this Motion. The Remnant Assets specifically exclude: (a) cash held by the Trustee on behalf of the Estate at the time of the Purchase Agreement in bank accounts earmarked for distribution to creditors and/or payment of professional fees, and (b) the Purchase Price. The only contingency to which either sale is subject to is this Court's approval. The Estate will not have to pay any commissions, fees, or other costs of sale, except for the cost of filing and serving the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Trustee believes the proposed sales are in the best interest of the Estate and should be approved under 11 U.S.C. § 363(b). The likelihood and timing of payout on the Reliance Claim are unknown. There are currently no known Remnant Assets.

1    Therefore, in the absence of the Oak Point purchase offer, the Estate likely would have derived no

2    economic benefit from the Remnant Assets.  In contrast, the proposed sales will provide the Estate

3    with immediate cash payments.  The sales will also complete the administration of the Estate's assets,

4    permitting the Trustee to file the final report, distribute the funds in the Estate, and close the case.

5        **PLEASE TAKE FURTHER NOTICE** that the Trustee seeks a waiver of the 14-day stay on

6    the effectiveness of the sale order imposed by Federal Rule of Bankruptcy Procedure 6004(h) so that

7    the sales can close immediately, rather than delaying the submission of the final report.

8        **PLEASE TAKE FURTHER NOTICE** that the Trustee does not anticipate that either sale

9    will create any tax consequences for the Estate.

10       **PLEASE TAKE FURTHER NOTICE** that this Motion is based upon the Notice of Motion,

11   the Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration

12   of Edward M. Wolkowitz, and any additional evidence, grounds, and argument that may be properly

13   presented to the Court.

14       **PLEASE TAKE FURTHER NOTICE** that any response or opposition to this Motion must be

15   in writing, must otherwise comply with Local Bankruptcy Rule 9013, and must be filed with the Court

16   and served upon (i) counsel for the Trustee (by personal delivery, messenger, fax or email) at the

17   address set forth in the upper left-hand corner of the first page of this Notice of Motion; and (ii)

18   counsel to Oak Point at Oak Point Partners, Inc. (by regular mail and email), Attn:  Janice A. Alwin,

19   Esq., 5215 Old Orchard Rd., Suite 965, Skokie, IL 60077, janice@oakpointpartners.com, no later than

20   fourteen (14) days before the date of the hearing on this Motion. A judge's copy of the opposition must

21   be delivered to the chambers of the Honorable Erithe A. Smith in accordance with Local Bankruptcy

22   Rule 5005-2(d).  Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve a

23   written opposition may be deemed by the Court to be consent to the granting of the relief requested

24   herein.

25   Date: April 26, 2018        IRELL & MANELLA LLP

26                       By: _Kerri A. Lyman_____

27                          Jeffrey M. Reisner
                           Kerri A. Lyman

28                       Attorneys for Chapter 7 Trustee, Edward M. Wolkowitz

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Background and Jurisdiction

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief sought herein are sections 105(a) and 363 of Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.    On July 17, 2003, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On August 5, 2005, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code.

4.    On August 8, 2005, the Trustee was appointed as the interim Chapter 7 trustee for the Debtor's Estate, which appointment became final on October 17, 2005.

5.    On December 7, 2017, this Court entered an order substantively consolidating the Debtor and its non-debtor affiliate, Imperial Business Credit, for all purposes under the Debtor's name and case number.

6.    Since being appointed, the Trustee has administered the Debtor's Estate for the benefit its creditors in accordance with its power and duties.  The Trustee is now in the process of winding down the administration of this case.  To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

7.    The Debtor previously asserted a claim in the amount of $34,576.29 against Reliance

Insurance Company (In Liquidation), and received interim distributions totaling $27,661.03 on the Reliance Claim. The amount and timing of any additional distributions on the Reliance Claim are unknown.

8.    The Trustee has determined that there may exist property of the Debtor's Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets"). The Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

9.    The Trustee and Oak Point have negotiated the Reliance APA for the sale of the Reliance Claim to Oak Point in exchange for a cash payment of $830.00. A copy of the Reliance APA is appended as Exhibit A to this Motion. The Trustee and Oak Point have also negotiated the Remnant Assets APA for the sale of the Remnant Assets to Oak Point in exchange for a cash payment of $5,300.00. A copy of the Remnant Assets APA is appended as Exhibit B to this Motion.

**B.    Relief Requested**

10.    By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Reliance Claim and the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Reliance APA and the Remnant Assets APA.

11.    In accordance with the Purchase Agreement, the Remnant Assets do not include (i) cash held by the Trustee for distribution to creditors and professionals; (ii) the Reliance Claim; and (iii) the purchase price for the Remnant Assets.

12.    In the Trustee's business judgment, the respective purchase prices represent fair and reasonable sales prices for the Reliance Claim and the Remnant Assets, and represent the highest and

5

best offer for the sale of each. Additionally, the benefit of receiving immediate payment for the Reliance Claim, the value of which is unknown and may take years to determine, and the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

**C.    Bidding Procedures**

13.    The preceding *Notice of Motion of Chapter 7 Trustee for Order Authorizing Sale of Certain Assets of the Debtor's Estate Free and clear Of Liens, Claims, Interests, and Encumbrances* (the "Notice"), establishes a deadline by which objections or responses to this Motion must be filed with the Court (the "Response Deadline").

14.    While the Trustee is prepared to consummate the sale of the assets to Oak Point pursuant to the terms set forth herein and in the respective purchase agreements, in the event a party other than Oak Point (each, an "Interested Bidder") wishes to purchase either the Reliance Claim or the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, the "Bidding Procedures"):

a.    Each Interested Bidder who wants to participate in the overbid process must notify the Trustee of its intention to do so in accordance with the Notice on or before the Response Deadline;

b.    Each initial overbid for the Reliance Claim must be at least $1,500.00;

c.    each initial overbid for the Remnant Assets must be at least $9,000.00;

d.    each Interested Bidder must submit a cashier's check to the Trustee in the amount of such Interested Bidder's initial overbid; and

e.    in the event a party other than Oak Point is deemed the winning bidder with respect to Reliance Claim or the Remnant Assets, such other party shall be required to purchase the assets under the same terms and conditions as set forth in the respective purchase agreement.

6

14.      The Trustee believes that the private sale of the Reliance Claim and the Remnant Assets in accordance with the terms of the respective purchase agreements, and as provided herein, serves the best interests of the Debtor's Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate.  Accordingly, the sales to Oak Point should be approved as requested.

**D.      AUTHORITY FOR REQUESTED RELIEF**

15.      Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  To approve use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification." *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) and *In re Abbotts Dairies of Pa. Inc.*, 788 F. 2d 143 (3d Cir. 1986) (requiring good faith purchasing).  Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16.      Courts have held that transactions should be approved under Section 363(b) of the Bankruptcy Code when they are supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1986); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for

completing the sale and the transaction is in good faith.").

17.     The Trustee submits that each proposed purchase price is reasonable, for fair value, and was negotiated at arm's length and in good faith.  Moreover, a private sale is appropriate because any costs associated with an auction of the Reliance Claim or Remnant Assets would likely exceed the proposed purchase price and, in turn, any benefit to the Estate.

18.     Courts have held that approval of a proposed sale of property pursuant to Section 363(b) of the Bankruptcy Code is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the debtor.  *See Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991).  A trustee's showing of sound business justification need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons."  *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

19.     Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case.  *See Lionel*, 722 F.2d at 1071.  Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business.  *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).  The Trustee believes that each purchase agreement represents a prudent and proper exercise of business judgment and is in the best interest of creditors of the Debtor's Estate.

20.     Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'."  *In re Abbott's Dairies of Pa., Inc.*,

788 F.2d 143, 147 (3d Cir. 1986); *See also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8

(1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); *In re Vanguard Oil &*

*Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

21.    Section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of

all interests which may be asserted against such assets, with any such interests attaching to the net

proceeds of the sale, subject to the rights and defenses of a debtor with respect thereto.  As Section

363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section

363(b), it is only necessary to meet one of the five conditions of Section 363(f).  To the extent that

there are interests that may be asserted in the Reliance Claim or the Remnant Assets, the Trustee

believes that one or more of the aforementioned conditions have been satisfied.

22.    Additionally, the Court should approve the Trustee's proposed Bidding Procedures.

Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding

basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit

bids that exceed the existing bid by a specified amount. See, e.g., *In re Financial News Network Inc.*,

931 F.2d 217 (2d Cir. 1991).  Oak Point has expended, and will continue to expend, considerable time,

money, and energy pursuing the purchase of the Reliance Claim and the Remnant Assets as proposed

herein, and has engaged in good faith, arm's length negotiations with the Trustee.  Thus, the proposed

Bidding Procedures are appropriate and should be approved.

23.    The Trustee submits that the sale of the Reliance Claim and the Remnant Assets

is a prudent exercise of its business judgment under the circumstances and is in the best interest of

the Debtor's Estate and creditors.  Moreover, each Purchase Price for the sale is reasonable and has

been negotiated at arm's length.  Indeed, the Trustee is not aware of any future assets or claims

that may be liquidated, obtained or otherwise administered for the benefit of the Debtor's Estate

and creditors. Accordingly, the Trustee respectfully requests that the Court grant the Motion.

**E.    Waiver of Stay of Order**

24.    Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Reliance Claim or the Remnant Assets.

**F.    Notice**

25.    Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

**G.    Conclusion**

For the reasons set forth above, the Trustee respectfully requests entry of an order authorizing the sales of the Reliance Claim and the Remnant Assets pursuant to the terms of the respective purchase agreements, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Date: April 26, 2018          IRELL & MANELLA LLP

By: _Kerri A. Lyman_

Jeffrey M. Reisner
Kerri A. Lyman
Attorneys for Chapter 7 Trustee, Edward M. Wolkowitz

## DECLARATION OF EDWARD M. WOLKOWITZ

I, Edward M. Wolkowitz, declare as follows:

1.      I am the appointed chapter 7 trustee for the bankruptcy estate (the "Estate") of Imperial Credit Industries, Inc. (the "Debtor").

2.      Each of the facts contained in this Declaration is based upon my personal knowledge and, if called as a witness to do so, I could competently testify thereto.

3.      I make this Declaration in support of the *Motion of Chapter 7 Trustee for an Order Authorizing Sale of Certain Assets of the Debtor's Estate Free and Clear of all Liens, Claims, Interests and Encumbrances* ("Motion").

4.      On or about July 17, 2003, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On August 5, 2005, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code.  On August 8, 2005, I was appointed as the Chapter 7 trustee.

5.      As set forth in the Motion, filed concurrently herewith, and subject to Court approval, I have entered into sale agreements with Oak Point Partners, Inc. ("Oak Point") to purchase (I) the Estate's right, title, and interest in and to that certain proof of claim ("Reliance Claim") against Reliance Insurance Company (In Liquidation); and (II) the Estate's right, title, and interest in and to any remaining property of the Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets").  Copies of the respective asset purchase agreements with Oak Point are attached to the Motion as Exhibit A and Exhibit B.

6.      Oak Point has agreed to pay $830.00 for the Reliance Claim and $5,300.00 for the Remnant Assets.  I believe that each purchase price is reasonable, for fair value, and was negotiated at arm's length and in good faith.  The value and timing of any further distribution of the Reliance Claim is unknown and may take years to determine. I am currently aware of no known Remnant Assets.  In the absence of the proposed sales, the Estate likely would have derived no economic benefit from the Reliance Claim or the Remnant Assets, and I would have abandoned the Estate's interest in such assets as being of no known or inconsequential value and benefit to the Estate.

7.    I believe that each proposed sale is in the best interest of the Estate, because (a) each sale provides the Estate with an immediate cash payment for the Reliance Claim and the Remnant Assets, from which the Estate likely would otherwise derive little or no economic benefit; and (b) the sales will complete the administration of the Estate's assets, permitting me to file the final report, distribute the funds in the Estate, and close the case.

8.    I have not been contacted by any potential overbidders for the Reliance Claim or the Remnant Assets, and I do not believe that there are any viable alternative purchasers for either assets.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 25th day of April, 2018 at Los Angeles, California.

By: _____
Edward M. Wolkowitz
Chapter 7 Trustee

12

# EXHIBIT A

## ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of March __, 2018, is by and between EDWARD M. WOLKOWITZ, not individually, but solely as chapter 7 trustee ("Trustee" or "Seller") of the IMPERIAL CREDIT INDUSTRIES INC. ("Debtor") BANKRUPTCY ESTATE ("Estate") and OAK POINT PARTNERS, INC. ("Purchaser").

### WITNESSETH:

WHEREAS, on July 17, 2003, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California ("Court"), assigned Case No. 03-19407; and

WHEREAS, on or about August 5, 2005, the Debtor's bankruptcy case was converted to one under chapter 7 of the Bankruptcy Code, and on August 8, 2005 the Trustee was appointed as interim chapter 7 trustee of the Debtor's Estate.  Trustee was subsequently designated as the duly appointed and acting chapter 7 trustee of the Debtor's Estate; and

WHEREAS, the Debtor possesses an undisputed and non-contingent claim against Reliance Insurance Company(In Liquidation) ("Reliance Claim") for which the Debtor has received payment in partial satisfaction;

WHEREAS, at the time of the execution of this Agreement and continuing into the future, the Debtor is entitled to additional payment(s) on account, and in full and final satisfaction, of the Reliance Claim; and

WHEREAS, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Reliance Claim to Purchaser, including, but not limited to the proceeds thereof.

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. __Purchase Price.__ The Purchase Price shall be good funds in the amount of Eight Hundred Thirty and No/100 Dollars ($830.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. __Assignment of the Reliance Claim.__ Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Reliance Claim, as well as any and all claims and rights related to the Reliance Claim, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Reliance Claim and all amounts, interest, and costs due under the Reliance Claim.

3. __Authority to Sell.__ Subject to Court approval, the sale of the Reliance Claim by the Seller is made pursuant to the authority vested in the Seller.

4. __Payments Received on the Reliance Claim.__ Seller further agrees that any payments received by Seller on account of the Reliance Claim shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below.  Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to the Reliance Claim.

1

5.  **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Reliance Claim as is set forth in this Agreement.

EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE RELIANCE CLAIM TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.

6.  **Free and Clear Sale.** The sale of the Reliance Claim shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7.  **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Reliance Claim and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations of any Seller or its affiliates of any kind or nature, whatsoever, whether arising out of, or in connection with, the Reliance Claim, except as may otherwise expressly be provided herein.

8.  **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9.  **Limited Power of Attorney.** Solely with respect to the Reliance Claim, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Reliance Claim herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Reliance Claim and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of California, without giving effect to choice of law principles of the State of California.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

[remainder intentionally left blank; signature page follows]

2

THIS AGREEMENT has been duly executed as of the day and year first above written.


OAK POINT PARTNERS, INC.

By: _____
Name:  ERIC LINN
Its: President

Address (for regular mail and mail forwarding): PO Box 1033, Northbrook, IL 60065-1033
Address (for overnight delivery): 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269        fax (847) 655-2746



EDWARD M. WOLKOWITZ, not individually, but solely as chapter 7 trustee of the IMPERIAL
CREDIT INDUSTRIES INC. bankruptcy estate

By: _____
Name:  EDWARD M. WOLKOWITZ
Its:  Chapter 7 Trustee

Address:  c/o Levene Neale Bender Yoo & Brill LLP, 800 S Figueroa St, Ste 1260, Los Angeles, CA
90067
tel (310) 229-1234

3

# EXHIBIT B

## ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of March __, 2018, is by and between EDWARD M. WOLKOWITZ, not individually, but solely as chapter 7 trustee ("Trustee" or "Seller") of the IMPERIAL CREDIT INDUSTRIES INC. ("Debtor") BANKRUPTCY ESTATE ("Estate") and OAK POINT PARTNERS, INC. ("Purchaser").

### WITNESSETH:

WHEREAS, on July 17, 2003, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California ("Court"), assigned Case No. 03-19407; and

WHEREAS, on or about August 5, 2005, the Debtor's bankruptcy case was converted to one under chapter 7 of the Bankruptcy Code, and on August 8, 2005 the Trustee was appointed as interim chapter 7 trustee of the Debtor's Estate. Trustee was subsequently designated as the duly appointed and acting chapter 7 trustee of the Debtor's Estate; and

WHEREAS, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

WHEREAS, Remnant Assets specifically exclude: (a) cash held at the time of this Agreement by the Debtor or Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; (b) the Estate's right, title and interest in and to that certain proof of claim against Reliance Insurance Company(In Liquidation); and (c) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

WHEREAS, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1.  **Purchase Price.** The Purchase Price shall be good funds in the amount of Five Thousand Three Hundred and No/100 Dollars ($5,300.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2.  **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3.  **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4.  **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address

1

set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5.    Seller's Representations and Warranties.  In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.

6.    Free and Clear Sale.  The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7.    No Assumption of Liabilities.  Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations of any Seller or its affiliates of any kind or nature, whatsoever, whether arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

8.    Documents of Assignment.  From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto.  However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9.    Limited Power of Attorney.  Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

10.    Entire Agreement.  This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11.    Benefits and Binding Effect.  All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12.    Governing Law.  This Agreement shall be governed by and construed in accordance with the internal laws of the State of California, without giving effect to choice of law principles of the State of California.

13.    Counterparts.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

[remainder intentionally left blank; signature page follows]

2

THIS AGREEMENT has been duly executed as of the day and year first above written.


OAK POINT PARTNERS, INC.

By: _____
Name:  ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269        fax (847) 655-2746


EDWARD M. WOLKOWITZ, not individually, but solely as chapter 7 trustee of the IMPERIAL
CREDIT INDUSTRIES INC. bankruptcy estate

By: _____
Name:  EDWARD M. WOLKOWITZ
Its:  Chapter 7 Trustee

Address:  c/o Levene Neale Bender Yoo & Brill LLP, 800 S Figueroa St, Ste 1260, Los Angeles, CA
90067
tel (310) 229-1234

3

# PROPOSED ORDER

Jeffrey M. Reisner (State Bar No. 143715)
jreisner@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
IRELL & MANELLA LLP
840 Newport Center Dr, Ste 400
Newport Beach, California 92660-6324
Telephone (949) 760-0991
Facsimile (949) 760-5200

Attorneys for Chapter 7 Trustee,
Edward M. Wolkowitz

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 8:03-bk-19407-ES |
| IMPERIAL CREDIT INDUSTRIES, INC., a California corporation, | Chapter 7 Case |
| Debtor. | [PROPOSED] ORDER AUTHORIZING SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES |
| | Hearing<br>Date:  June 7, 2018<br>Time:  10:30 AM<br>Ctrm: 5A |

After thorough consideration of the Motion of Edward M. Wolkowitz, the chapter 7 trustee (the "Trustee") for the estate (the "Estate") of the captioned debtor (the "Debtor"), requesting the entry of an order authorizing the sale of certain assets of the Debtor's Estate to Oak Point Partners, Inc. ("Oak Point") pursuant to 11 U.S.C. §§ 105 and 363 and related terms ("Motion")[1]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334;

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1

1   and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C.

2   § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other

3   notice need be provided and that further notice has been waived; and the Court having read and

4   considered the Motion; and a hearing on the Motion having been held; and any objections to the

5   Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having

6   determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's

7   exercise of prudent business judgment consistent with its fiduciary duties, and are designed to

8   maximize the value to be achieved for each of the Reliance Claim and the Remnant Assets; and the

9   Court having determined that the legal and factual bases set forth in the Motion and at any hearing

10  thereon establish just and sufficient cause for the relief granted herein; it is hereby

11      **ORDERED**:

12
13      1.      The relief sought in the Motion is GRANTED.

14      2.      The Reliance APA and all of its terms and conditions are approved in their entirety.

15      3.      The Remnant Assets APA and all of its term and conditions are approved in their

16  entirety.

17      4.      The Bidding Procedures are approved in their entirety.

18
19      5.      The Reliance APA, the Remnant Assets APA and the Bidding Procedures are fair and

20  reasonable.

21      6.      Pursuant to 11 U.S.C. §§ 105 and 363(b), the Trustee is authorized to sell the Reliance

22  Claim and the Remnant Assets to Oak Point for the consideration described in the Motion.

23
24      7.      Pursuant to 11 U.S.C. § 363(f), the sales of Reliance Claim and the Remnant Assets to

25  Oak Point ("Sales") shall be free and clear of any and all liens, claims, and encumbrances, with such

26  liens, claims, and encumbrances to attach to the proceeds of the Sales with the same force, effect, and

27  priority as such liens, claims, and encumbrances have on the Estate's right to the respective assets, as

28

appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

8.      The Trustee and its professionals are authorized to take such action as is necessary to effectuate the terms of each of the Reliance APA and the Remnant Assets APA, together with all additional instruments and documents that may be reasonably necessary to implement each.

9.      Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

10.     The transfers of the Reliance Claim and the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitute legal, valid, and effective transfers of the Reliance Claim and the Remnant Assets; and shall vest Oak Point with all right, title, and interest in and to the Reliance Claim and the Remnant Assets and proceeds thereof.

11.     The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

12.     This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

###

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660.

The foregoing document described as **NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF EDWARD M. WOLKOWITZ IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 19, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On January 19, 2018, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
Caused to be served via U.S.Mail:

Chambers of the Honorable Erithe A. Smith          Office of the United States Trustee
United States Bankruptcy Court                            Attn: Michael Hauser, Esq.
411 West Fourth Street, Suite 5041                      411 West Fourth Street #9041
Santa, Ana, CA 92701                                          Santa Ana, CA 92701

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2018, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 04/26/2018 | Janet Ahmed | *[signature]* |
| Date | Type Name | Signature |

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Alvin M Ashley**    mashley@irell.com
- **Michael H Bierman**    michael.bierman@dentons.com, jennifer.wall@dentons.com
- **Frank Cadigan**    frank.cadigan@usdoj.gov
- **Caroline Djang**    caroline.djang@bbklaw.com,
  arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com
- **Willis B Douglass**    Willis.B.Douglass@irscounsel.treas.gov
- **Tavi C Flanagan**    tflanagan@irell.com
- **Eric D Goldberg**    egoldberg@gordonsilver.com, toyia.ellis@dlapiper.com;eric-
  goldberg-1103@ecf.pacerpro.com
- **Eric M Heller**    eric.m.heller@irscounsel.treas.gov
- **Marsha A Houston**    mhouston@reedsmith.com
- **Brian D Huben**    hubenb@ballardspahr.com, carolod@ballardspahr.com
- **Monique D Jewett-Brewster**    mjb@hopkinscarley.com,
  vtorres@hopkinscarley.com
- **William N Lobel**    wlobel@pszjlaw.com,
  nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Kerri A Lyman**    klyman@irell.com
- **John A Moe**    john.moe@dentons.com,
  glenda.spratt@dentons.com,derry.kalve@dentons.com,jennifer.wall@dentons.com,a
  ndy.jinnah@dentons.com
- **David L. Neale**    dln@lnbrb.com
- **David L. Neale**    dln@lnbyb.com
- **Mike D Neue**    mneue@dynamic-law.com, mwjaraki@me.com
- **Samuel A Newman**    snewman@gibsondunn.com
- **Daniel H Reiss**    dhr@lnbyb.com, dhr@ecf.inforuptcy.com
- **Christopher O Rivas**    crivas@reedsmith.com, chris-rivas-
  8658@ecf.pacerpro.com
- **Timothy A Spivey**    tspivey@rutan.com
- **Michael K Sugar**    msugar@thelobelfirm.com
- **James E Till**    jtill@btntlaw.com, maraki@btntlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **David R. Weinstein**    dweinstein@weinsteinlawfirm.net
- **Edward M Wolkowitz**    teeemw@rdwlawcorp.com,
  ewolkowitz@iq7technology.com
- **Edward M Wolkowitz (TR)**    emwtrustee@lnbyb.com,
  ewolkowitz@iq7technology.com
- **Beth Ann R Young**    bry@lnbyb.com

# Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Grant P. Alexander
Luce Forward Hamilton & Scripps LLp
777 South Figueroa Suite 3600
Los Angeles, CA 90017-5832

Andris A Baltins
Kaplan, Strangis and Kaplan PA
5500 Wells Fargo Ctr
90 S Seventh St
Minneapolis, MN 55402

Christensen Miller
2121 Avenue Of The Stars 18th Fl
Los Angeles, CA 90067-5010

Directors Guild of America and Screen Actors Guild

Tavi C Flanagan
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

Jared R Gale
Irell & Manella LLP
840 Newport Center Dr Ste 400
Newport Beach, CA 92660-6324

Stanley M Gibson
Jeffer Mangels Butler & Marmaro LLP
1900 Avenue of the Stars 7th Fl
Los Angeles, CA 90067-4308

Gursey Schneider LLP
1888 Century Park East Ste 900
Los Angeles, CA 90067

Dean Herman
15760 Ventura Blvd, Ste. 500
Encino, CA 91436

Imperial Class Action Bondholders

Imperial Class Action Shareholders

Steve Jakubowski
Coleman Law Firm
77 West Wacker Dr Ste 4800
Chicago, IL 60601

Katten Muchin Zavis
1999 Avenue Of The Stars Suite 1400
Los Angeles, CA 90067-6042

Latham & Watkins
633 West Fifth St, #4000

Los Angeles, CA 90071

Legacy Resources, LLC
185 Harcross Rd
Woodside, CA 94062

Martin L Moffett
Moffett & Grigorian LLP
1960 Grand Ave, Ste 280
El Segundo, CA 90245

Moffett Grigorian &
11900 W Olympic Blvd # 630
Los Angeles, CA 90064

Powell Et Al
1001 Pennsylvania Ave Nw 6th Fl
Washington, DC 20004

Jeffrey M. Reisner
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
jreisner@irell.com, mstrub@irell.com,dallender@irell.com,jmanzano@irell.com,lgauthier@irell.com

M Freddie Reiss
633 W 5th St Ste 1600
Los Angeles, CA 90071

Indira E Smith
Latham & Watkins LLP
633 W 5th St Ste 4000
Los Angeles, CA 90071

Stephen E Solomon
1901 Avenue Of The Stars Ste 500
Century City, CA 90067

ICII – 20 LARGEST/REQUEST FOR SPECIAL NOTICE LIST:

Debtor and Debtor-in-Possession
Imperial Credit Industries, Inc.
Attn: Eileen Driscoll Rubens, Esq.
27702 Crown Valley Parkway, Ste. D-4
Box 242
Ladera Ranch, CA 92694

United States Trustee
Office of the U.S. Trustee
Attn: Bruce Schildkraut, Esq.
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017

United States Trustee
Office of the U.S. Trustee
Attn: Michael Hauser, Esq.
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-8000

Chapter 7 Trustee
Edward M. Wolkowitz
Levene, Neale, Bender, Rankin & Brill
800 S Figueroa Street, #1260
Los Angeles, CA 90017

J.P. Morgan Chase Bank
Inst. Trust Svcs-Indenture Trustee
(for ICII 12.00% notes)
4 New York Plaza, 15th Floor
New York, NY 10004
[*returned mail, also going to ReedSmith]

J.P. Morgan Chase Bank
Inst. Trust Svcs-Indenture Trustee
(for ICII 9.875% notes)
4 New York Plaza, 15th Floor
New York, NY 10004
[*returned mail, also going to ReedSmith]

J.P. Morgan Chase Bank
Inst. Trust Svcs-Indenture Trustee
(for ICII 9.75% notes)
4 New York Plaza, 15th Floor
New York, NY 10004
[*returned mail, also going to ReedSmith]

Internal Revenue Service
SPF-Insolvency
300 North Los Angeles Street #4062
Stop 5022
Los Angeles, CA 90012

Brad Plantiko
8131 Malloy Drive
Huntington Beach, CA 92646
[REMOVED PER 9/4/13 REQUEST]

Irwin Gubman (3367-16)
409 North Pacific Coast Highway, #374
Redondo Beach, CA 90277
Returned mail

Wayne H. Snavely
P.O. Box 44
Palos Verdes Peninsula, CA 90274
Returned mail

Santa Monica Pictures LLC
c/o Mr. Perry Alan Lerner
624 North Sierra Drive
Beverly Hills, CA 90210
09/07/12 forwarding expired new add
given

VBank
c/o Stephen T. Burdumy
Drinker Biddle & Reath
One Logan Square, 18th & Cherry
Philadelphia, PA 19103

Barrey Davis
1903 Des Plaines
Park Ridge, IL 60068

Dan Rood
4134 Pacific Coast Highway, #126
Torrance, CA 90505
COA 08/05/13

Zoila Velasco
12288 Nantucket Place
Seal Beach, CA 90740-2772

Curtis Holdings, Inc.
c/o Mr. William Curtis
3411 Scottsdale Circle
Naperville, IL 60564
Returned Mail 03/10

Paul Lasiter
c/o Pepperdine University
24255 Pacific Coast Highway
Malibu, CA 90263-4497
[COA PER PAUL 9/19/17]

David Hourigan
25445 Via Macarena
Valencia, CA 91355

Seacor, Inc.
c/o Michael S. Riley
Pacificap Entertainment Holdings
9100 Wilshire Blvd., Suite 400 West
Beverly Hills, CA 90212
Returned Mail

Lawrence Placek
17400 Burbank Boulevard #122
Encino, CA 91316

Cindy Rosenbush
620 North Irena Avenue
Redondo Beach, CA 90277
Returned Mail

J.P. Morgan Chase Bank
Inst. Trust Svcs-Indenture Trustee
4 New York Plaza, 15th Floor
New York, NY 10004
[*returned mail, also going to ReedSmith]

David L. Neale, Esq/Susie Seflin, Esq.
Levene, Neale, Bender, et al
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

Doug Rosenthal
13610 West Pales Road
Santa Clarita, CA 91390

[address change 2/23/06]

Velasco, Zoila
3400 Avenue of the Arts, #J114
Costa Mesa, CA 92626
[Ret. Mail – 10/16/08]

Dan Rood
6318 Monero Drive
Rancho Pales Verde, CA 90275-3311

IMPERIAL CREDIT INDUSTRIES,
INC
REQUEST FOR SPECIAL NOTICE
LIST

Ira G. Rivin, Esq.
Penelope Parmes, Esq.
Rulan & Tucker
611 Anton Blvd., Suite 1400
Costa Mesa, CA 92626

Andris Baltins, Esq.
Kaplan, Stangis & Kaplan
5500 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402

Attorneys for JPMorgan Chase
Bank/Wilmington Trust Co, as Indenture
Trustee
Marsha A. Houston, Esq.
Reed Smith LLP
355 South Grand Avenue, Ste 2900
Los Angeles, CA 90071

Counsel for FDIC
Michael H. Bierman, Esq.
Luce, Forward, Hamilton & Scripps LLP
601 South Figueroa, Suite 3900
Los Angeles, CA 90017
COA 08/06/13

State of CA Franchise Tax Board
Attn: Ms. Julie A. Moore
300 South Spring Street, Suite 5704
Los Angeles, CA 90013-1204

Deutsche Bank Securities, Inc.
Attn: Michael Cammorato
60 Wall Street, 3rd Floor
New York, NY 10005

Michelle Gill
Goldman Sachs & Co.
200 West Street
New York, NY 10282-2198

Christensen, Miller, Fink & Jacobs
Attn: Andrew Baum, Esq.
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Attorneys for James P. Stephenson
Stephen M. Mertz, Ted Cheeseborough
Faegre & Benson
90 S. Seventh St., #2200
Minneapolis, MN 55402-1600

Securities and Exchange Commission
Sarah D. Moyed, Bankruptcy Counsel
Pacific Regional Office
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036-3648
RETURNED MAIL 11/03/14

Counsel for Shareholder Plaintiff in ICII
v. Sec
Francis A. Bottini, Jr.
Wolf Haldenstein Adler Freeman & Herz
750 B. Street, Suite 2770
San Diego, CA 92101

Third Avenue Management LLC
Michael Winer
Portfolio Manager
622 Third Avenue, 32nd Floor
New York, NY 10017

Credit Suisse First Boston
Attn: Kevin Steele
11 Madison Avenue, 4th Floor
New York, NY 10010
[Returned Mail 06/06/17]

Joe Cafiero
CREMAC
78 Delavan Street
Brooklyn, NY 11231

Michael Warner/David Cohen
Warner Stevens
1700 City Center Tower 11
301 Commerce Street
Ft. Worth, TX 76102

Allen S. Rugg
Powell, Goldstein, Frazer & Murphy
901 New York Ave. NW
Washington, DC 20001-4432
Ret Mail 06/22/11

Tax Advisor to Debtor
Martin Moffett
Moffett, Grigorian & Taylor
11900 W. Olympic Blvd., #630
Los Angeles, CA 90064
Ret Mail – 10/16/08

Counsel for Wilmington Trust Company
Bruce Bisson, Esq.
Wilmington Trust Company
1100 North Market Street
Wilmington, DE 19890

National Enterprises
Attn: David Wick
5440 Morehouse Drive, Ste 4000
San Diego, CA 92121

Chris Hayes/Laura Mischel
Bayview Financial Trading Group, L.P.
4425 Ponce de Leon Blvd., 4th Fl
Coral Gables, FL 33146

Deutsche Bank
1761 East St. Andrew Place
Santa Ana, CA 92705-4934

Alan E. Lawrence
Executive Vice President
Hanover Trade, Inc.
379 Thornall Street
Edison, NJ 08837

Eric Kaplan, Vice President
Morgan Stanley
1221 Ave. of the Americas, 27th Flr
New York, NY 10020
[DELETED PER WRITTEN REQ. 5/1/06]

Imperial Group Holdings, Inc.
c/o Mr. William Curtis
3411 Scottsdale Circle
Naperville, IL 60564

Sam S. Oh
Luce, Forward, Hamilton & Scripps
777 South Figueroa, Suite 3600
Los Angeles, CA 90012
[deleted – duplicate/above]

Carol R. Van Cleef, Esq.
Bryan Cave LLP
700 Thirteen St., N.W.
Washington, DC 20005-3960
fwd expired.  new address 11/10

Edward M. Zachary, Esq.
Bryan Cave LLP
Two North Central Ave., Ste. 2200
Phoenix, AZ 85004-4406

Irwin Gubman
73 Cazneau Avenue
Sausalito, CA 94965
[Rtn to Sender 04/18/14]

Katten Muchin Zavis
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6042
Returned mail

Seacor, Inc.
c/o Michael S. Riley
1960 Coldwater Canyon
Beverly Hills, CA 90210

Katten Muchin Zavis Rosenman
Attn: Carol R. Van Cleef, Esq.
1025 Thomas Jefferson Street, #700
Washington, DC 20007-5201
Returned Mail 3/10

Directors Guild of America, Inc.
Screen Actors Guild, Inc.
c/o Joseph Kohanski/Kathleen Erskine
Geffner & Bush
3500 W. Olive Ave., Ste. 1100
Burbank, CA 91505
[chg. of l/o and address 6/6/08 - see below]

KPMG
Attn: Corporate Office/Authorized Agent
355 So. Grand Ave., Suite 2000
Los Angeles, CA 90071-1568
[RETURNED MAIL 3/29/16]

Stephen E. Solomon, Esq.
1901 Avenue of the Stars
Suite 500
Century City, CA 90067
[chg. of address.10/11/06-see below]

Rosenfeld, Wolff, Aronson & Klein
Attn: Corporate Office/Authorized Agent
1901 Avenue of the Stars, Suite 500
Century City, CA 90067

Stephen Solomon, Esq.
7929 Trieste Place
Del-Ray Beach, FL 33446-4404
[chg. of address 6/22/11-see below]

Directors Guild of America, Inc.
Screen Actors Guild, Inc
Bush Gottlieb Singer, et al
Attn: Joseph Kohanski, Esq.
500 North Central Avenue, Suite 800
Glendale, CA 91203-3905
[Ntc.w/d from case filed 3/10/2010]

Richard S. Cupp
c/o Eric Goldberg, Esq./H. Alexander
Fisch
Stutman, Triester & Glatt
1901 Avenue of the Stars, 12th Fl.
Los Angeles, CA 90067
[Returned Mail 09/27/17]

JP Morgan Chase Bank
c/o Monique Jewett-Brewster
Reed Smith LLP
355 South Grand Avenue
Los Angeles, CA 90071
Returned Mail

The Bank of New York Mellon
c/o Christopher O. Rivas, Esq.
Reed Smith LLP
355 South Grand Ave., Suite 2900
Los Angeles, CA 90071

International AG and Intertainment
Licensing Gmbh
c/o Samuel A. Newman
333 South Grand Venue
Los Angeles, CA 90071-3197
Returned Mail

William N. Lobel, Esq.
The Lobel Firm, LLP
840 Newport Center Drive, Suite 750
Newport Beach, CA  92660

NOVA Bank
Attn: Kim Hartline
1235 Westlakes Drive, Suite 420
Berwyn, PA 19312
[COA 06/22/14]

Carol R. Van Cleef, Esq.
Bryan Cave
1155 F St NW Ste 300
Washington, DC  20004-1319
[Ret mail 7/13/11 COA]

~~Stephen E. Solomon, Esq.~~
~~7750 La Corniche Circle~~
~~Boca Raton, FL 33433~~
[RETURNED MAIL COA 3/29/16]

Affinity Bank Holdings, Inc.
Attn: Authorized Agent
88 Old Roxbury Road
Roxbury, CT 06783

AGHI Finance Co., LLC
Attn: Authorized Agent
88 Old Roxbury Road
Roxbury, CT 06783

Stephen Adams Living Trust
Attn: Authorized Agent
88 Old Roxbury Road
Roxbury, CT 06783

PROFESSIONALS (Chapter 7)
[Financial Advisor to Chapter 7
Trustee]
FTI Consulting
Attn: Freddie Reiss
633 W. 5th Street, Suite 1600
Los Angeles, CA 90071-2027

[Accountants to Chapter 7 Trustee]
Rory Burnett/Nazfar Afshar
Gursey, Schneider & Co, LLP
1888 Century Park East, Suite 900
Los Angeles, CA 90067

[Film Financial Advisor to Chapter 7
Trustee]
Philip Fier
Focus Advisory
824 Radcliffe Avenue
Pacific Palisades, CA 90272

~~Carol Van Cleef~~
~~Patton Boggs~~
~~2550 M Street~~
~~Washington, DC  20037~~
[Change of address/firm 6/13/14]

Rodney Paige
Bryan Cave LLP
1155 F St NW Ste 300
Washington, DC  20004-1319

~~Mr. Perry Alan Lerner~~
~~10790 Wilshire Blvd, Apt 902~~
~~Los Angeles, CA  90024-4478~~
[COA 01/14]

~~FDIC~~
~~c/o Michael H. Bierman, Esq.~~
~~Luce, Forward, Hamilton & Scripps~~
~~300 South Grand Avenue, 14th Floor~~
~~Los Angeles, CA  90071-3124~~
[COA 10/16]

Mr. Perry Alan Lerner
10455 Lindbrook Drive
Los Angeles, CA  90024-3331

Irwin Gubman
633 Ridgewood Ave.
Mill Valley, CA  94941-2622

~~Carol Van Cleef~~
~~Manatt, Phelps & Phillips, LLP~~
~~One Metro Center~~
~~700 12th Street, NW, Suite 1100~~
~~Washington D.C., DC  20005~~
[RETURNED MAIL 01/28/15]

NOVA BANK
Attn:  Kim Hartline
1601 Bryan Street
Dallas, TX  75201-3430

Stephen Solomon
6452 Polo Pointe Way
Delray Beach, FL  33484-6469

Michael H. Bierman
Dentons US LLP
601 South Figueroa Street, Ste. 2500
Los Angeles, CA  90017-5704

Paul Lasiter
914 Rosario Drive
Thousand Oaks, CA 91362

William Curtis
7701 Majestic Way
Rockville MD,  20855