Jeffrey M. Reisner (State Bar No. 143715)
jreisner@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
IRELL & MANELLA LLP
840 Newport Center Dr, Ste 400
Newport Beach, California 92660-6324
Telephone (949) 760-0991
Facsimile (949) 760-5200

Attorneys for Chapter 7 Trustee,
Edward M. Wolkowitz

**FILED & ENTERED**

**JUL 02 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY steinber   DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>IMPERIAL CREDIT INDUSTRIES, INC., a California corporation,<br><br>Debtor. | Bankruptcy Case No. 8:03-bk-19407-ES<br><br>Chapter 7 Case<br><br>**ORDER AUTHORIZING SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES**<br><br>**Hearing**<br>Date:   June 7, 2018<br>Time:  10:30 AM<br>Ctrm:  5A |

After thorough consideration of the Motion of Edward M. Wolkowitz, the chapter 7 trustee (the "Trustee") for the estate (the "Estate") of the captioned debtor (the "Debtor"), requesting the entry of an order authorizing the sale of certain assets of the Debtor's Estate pursuant to 11 U.S.C. §§ 105 and 363 and related terms (the "Motion"),[1] the *Notice of Modification of Bidding Procedures Relating to Chapter 7 Trustee's Proposed Sale of Certain Assets of the Debtor's Estate*, the *Notice of Sale of Estate*

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1

*Property (LBR 6004-2)*, and the *Declaration of Kerri A. Lyman in Support of Motion of Chapter 7 Trustee for Order Authorizing Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances* (collectively with the Motion, the "Motion Pleadings"); and the Court having jurisdiction to consider the Motion Pleadings and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion Pleadings and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided and that further notice has been waived; and the Court having read and considered the Motion Pleadings; and a hearing on the Motion having been held; and no objections to the Motion having been made; and the Court having determined that the bidding procedures as modified by the Modification Notices are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties, and are designed to maximize the value to be achieved for each of the Reliance Claim and the Remnant Assets; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED**:

1. The relief sought in the Motion is GRANTED.

2. The bidding procedures are approved in their entirety.

3. The bidding procedures, the Remnant Assets APA, and the Reliance APA are fair and reasonable.

4. Pursuant to 11 U.S.C. §§ 105 and 363(b), the Trustee is authorized to sell the Remnant Assets to Oak Point Partners, Inc. ("Oak Point") for $9,825 in consideration.

5. The Remnant Assets APA and all of its term and conditions are approved in their entirety.

6. Pursuant to 11 U.S.C. §§ 105 and 363(b), the Trustee is authorized to sell the Reliance Claim to JM Partners LLC ("JM Partners") for $1,500 in consideration.

7. The Reliance APA and all of its terms and conditions are approved in their entirety, providing however that the Purchaser under the Reliance APA will be JM Partners.

8. Pursuant to 11 U.S.C. § 363(f), the sale of (i) the Remnant Assets to Oak Points and (ii) the Reliance Claim to JM Partners (the "Sales") shall be free and clear of any and all liens, claims, and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of the Sales with the same force, effect, and priority as such liens, claims, and encumbrances have on the Estate's right to the respective assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

9. The Trustee and its professionals are authorized to take such action as is necessary to effectuate the terms of each of the Reliance APA and the Remnant Assets APA, together with all additional instruments and documents that may be reasonably necessary to implement each.

10. Oak Point and JM Partners are granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

11. The transfer of the Reliance Claim to JM Partners pursuant to the Reliance APA constitutes a legal, valid, and effective transfers of the Reliance Claim; and shall vest JM Partners with all right, title, and interest in and to the Reliance Claim and proceeds thereof.

12. The transfer of the Remnant Assets to Oak Point pursuant to the Remnant APA constitutes a legal, valid, and effective transfers of the Remnant Assets; and shall vest Oak Point with all right, title, and interest in and to the Reliance Claim and the Remnant Assets and proceeds thereof.

13. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

14. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

###

Date: July 2, 2018

Erithe Smith
United States Bankruptcy Judge